IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MARK FITZHENRY,<br><br>    Plaintiff,<br>v.<br>ISI ALARMS NC, INC., dba Security Promotions, W. JAYSON WALLER, Individually, KEVIN KLINK, Individually, MONITRONICS INTERNATIONAL, INC., and JOHN DOE,<br><br>    Defendants. | CIVIL ACTION No.  2:12-cv-3510-CWH |

## NOTICE OF REMOVAL

Defendant Honeywell International Inc. ("Honeywell")[1], through the undersigned counsel, hereby removes this civil action from the Magistrate's Court of the State of South Carolina, County of Charleston to the United States District Court for the District of South Carolina.  This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1446.

In further support of this Notice of Removal, Honeywell states as follows:

## INTRODUCTION

1.      On May 24, 2012, plaintiff Mark Fitzhenry ("Plaintiff") commenced this action against ISI Alarms NC, Inc., d/b/a Security Promotions, ("ISI"), W. Jayson Waller ("Mr. Waller"), and Kevin Klink ("Mr. Klink"), Inc. by filing a Verified Complaint (the "Complaint") in the Magistrate's Court of the State of South Carolina, County of Charleston, Civil Case Number 2012CV1010600618.

---

[1]     Honeywell is not a named defendant in the Complaint, but nonetheless was served with the Complaint.  Accordingly, Honeywell specially appears in this action without consenting to jurisdiction.

2. The Complaint does not name Honeywell, or any related entity, as a Defendant in this action. The caption of summons issued by the from the Magistrate's Court of the State of South Carolina, County of Charleston, however, appears to have been amended to remove Defendant Kevin Klink, in his individual capacity, and to name "Honeywell International, Inc., d/b/a Honeywell Security Group."

3. Each of the claims alleged in the Complaint assert that "Defendants" (which the Complaint does not define to include Honeywell, as Honeywell is not named in the Complaint) violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. Specifically, Plaintiff avers in the Complaint that "[t]his is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty." (Complaint at ¶ 1.) Plaintiff alleges a single cause of action, under the TCPA, claiming that the two alleged calls "manifest NINE knowing and/or willful actions in violation of 47 U.S.C. § 227." (*Id.* at ¶ 47.)

5. Honeywell was served with the Complaint on November 13, 2012.

**HONEYWELL HAS SATISFIED THE**
**PROCEDURAL REQUIREMENTS FOR REMOVAL**

6. The time for Honeywell to answer the Complaint has not yet elapsed, and this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of the time of service upon Honeywell.

7. Venue is proper in this District under 28 U.S.C. § 1446(a) because this District embraces the place where the removed action is pending.

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed with the Magistrate's Court of the State of South Carolina, County of Charleston are appended to this Notice as Exhibit A.

9. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel and a copy will be filed promptly with the Magistrate's Court of the State of South Carolina, County of Charleston pursuant to 28 U.S.C. § 1446(d). A copy of the proposed Notice of Filing of this Notice of Removal to Federal Court is attached hereto as Exhibit B.

10. As reflected in Exhibits C, D, and E, respectively, ISI, Mr. Waller, and Mr. Klink, all consent to the removal of this action.

### REMOVAL IS PROPER UNDER 28 U.S.C. § 1331 BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION

11. The presence of a federal question gives rise to jurisdiction in this Court under 28 U.S.C. § 1331.

12. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Indeed, a District Court has original jurisdiction over cases "arising under" federal law pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as Plaintiff's claims each arise under the TCPA.

13. On January 18, 2012, the United States Supreme Court issued its decision in *Mims v. Arrow Fin. Servs., LLC*, ⸺ U.S. ⸺, 132 S. Ct. 740, 2012 WL 125429 (U.S. Jan. 18, 2012) and found, in a unanimous decision, that the TCPA's grant of jurisdiction to state courts does not deprive federal district courts of federal-question jurisdiction over private rights of action.

14. In light of the *Mims* decision specifically finding federal question jurisdiction over claims arising under the TCPA, this action is properly removable to this Court.

15. In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over those claims, if any, that are not independently removable.

WHEREFORE, defendant Honeywell International Inc. respectfully removes this action from the Magistrate's Court of the State of South Carolina, County of Charleston to this Court.

Dated:  December 13, 2012                              Respectfully submitted,

/s/ J. Rutledge Young III
J. Rutledge Young, III
(Fed. I.D. No. 7260)
DUFFY & YOUNG, LLC 96 Broad Street
Charleston, South Carolina 29401
Tel.: (843) 720-2044
Fax:(843)720-2047
ryoung@duffyandyoung.com

and

Alysa Hutnik
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC  20007-5108
Tel: (202) 342-8603
Fax: (202) 342-8451
*Email: ahutnik@kelleydrye.com*

and

Joseph A. Boyle
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
200  Kimball Drive
Parsippany, New Jersey
Tel: (973) 503-5910
Fax: (973) 503-5950
*Email: lmazzuchetti@kelleydrye.com*

*Attorneys for Defendant Honeywell International Inc.*