

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Mark Fitzhenry,** | ) Civil Action No. 2:12-3510-CWH-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| **ISI Alarms NC Inc d/b/a Security Promotions, W. Jayson Waller, Kevin Klink, Monitronics International, Inc., and John Doe,** | ) |
| Defendant. | ) |

This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas. The case was subsequently removed to this United States District Court by Honeywell International, Inc., with the consent of three of the named Defendants.[1]

On December 19, 2012, Honeywell International, Inc. filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim. In this motion, Honeywell noted that while the Complaint does not name Honeywell, or any related entity, as a Defendant in this action, Honeywell had been served with the Complaint on November 13, 2012. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 20, 2012, advising Plaintiff of the importance of a dispositive motion and of a need for him to file an adequate response.

---

[1] Consents of ISI Alarms, Waller, and Klink are attached to Honeywell's Notice of Removal. It is unknown whether these three (3) Defendants, or the Defendant Monitronics International, Inc, have been served with process.

1

Plaintiff was specifically advised that if he failed to respond adequately, Honeywell's motion could be granted. However, notwithstanding the specific notice and warning as set forth in the Court's Roseboro Order, Plaintiff has failed to file any response in opposition to Honeywell's motion.

Based on the foregoing, it is recommended that Honeywell's motion be **granted**, and that the Complaint be dismissed with prejudice insofar as it pertains to Honeywell or any related entity.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 28, 2013

Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).