IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mark Fitzhenry, | ) | Civil Action No.: 2:12-03510-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| ISI Alarms NC Inc. d/b/a/ Security | ) | |
| Promotions, W. Jayson Waller, | ) | |
| Kevin Klink, | ) | |
| Monitronics International, Inc., and | ) | |
| John Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The pro se plaintiff, Mark Fitzhenry (the "plaintiff"), initiated this action in the Charleston County Magistrate's Court, alleging violations of the Telephone Consumer Protection Act. (ECF No. 1-1). Honeywell International, Inc. ("Honeywell") was served with a copy of the complaint, although neither it nor any related entity is a defendant in this action. On December 12, 2012, Honeywell removed the action to this court, with the consent of the defendants ISI Alarms NC Inc. d/b/a/ Security Promotions, W. Jayson Waller, and Kevin Klink. As the plaintiff was proceeding pro se, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C.

On December 19, 2012, Honeywell filed a motion to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, the magistrate judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of

the importance of a dispositive motion and of the need for him to file an adequate response. The plaintiff was specifically advised that if he failed to respond adequately, Honeywell's motion could be granted. Despite this specific notice and the warnings as set forth in the Roseboro order, the plaintiff did not respond to the motion. On January 28, 2013, the magistrate judge issued an R&R recommending that Honeywell's motion be granted, and that the complaint be dismissed with prejudice insofar as it pertained to Honeywell or any related entity. (ECF No. 10). The magistrate judge specifically advised the plaintiff of the procedures and requirements for filing objections to the R&R and the serious consequences if he failed to do so. The plaintiff has filed no objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may "accept, reject, or modify, in whole or in part," the recommendation made by the magistrate judge or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal quotation marks and citation omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based



upon such recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

The Court has reviewed the record in this matter, the applicable law, and the R&R of the magistrate judge, and agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the R&R (ECF No. 10) by reference in this Order, and dismisses the complaint with prejudice insofar as it pertains to Honeywell or any related entity.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

February 15, 2013
Charleston, South Carolina