**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Mark Fitzhenry, ) | Civil Action No. 2:12-3510-CWH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **AND** |
| ISI Alarms NC, Inc. d/b/a Security ) | **ORDER** |
| Promotions, W. Jayson Waller, Kelvin ) | |
| Klink, Monitronics International, Inc. ) | |
| and John Doe, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This case was originally filed by the Plaintiff in the Charleston County Magistrate's Court, and was removed to this Court by Honeywell International, Inc. on December 12, 2012. The file reflects that the Complaint was filed on March 24, 2012, and the summons were issued on June 1, 2012.

Plaintiff is responsible for service of process. However, there is no evidence in the file that any of the Defendants[1] have ever been served with process in this case. Pursuant to Rule 4(m), Fed.R.Civ.P., "[i]f a defendant is not served within one hundred and twenty (120) days after the complaint is filed, the court - on motion or on its own after notice to the Plaintiff - must dismiss the action without prejudice against that Defendant . . . but if the Plaintiff shows good cause for the

---

[1]Honeywell was never actually a named Defendant, and has been dismissed from the case. See Court Docket Nos. 4, 10, 16.

1



failure, the court must extend the time for service for an appropriate period."

Here, the time for service began to run on December 12, 2012,[2] and the one hundred and twenty (120) day period for service provided by Rule expired on April 11, 2013. Therefore, unless Plaintiff has made proper service on the Defendants, this case is subject to dismissal. **Plaintiff is herein specifically advised and placed on notice that, in response to this Report and Recommendation, he is to provide the Court with proof of service on the Defendants, or present good cause to the Court for any failure to serve the Defendants, within ten (10) days of the filing of this Report and Recommendation. Failure to do so will result in this case being dismissed.**

## Conclusion

If in response to this Report and Recommendation, Plaintiff submits to the Court proof of timely service on the Defendants, then in that event **IT IS ORDERED** that this Report and Recommendation be **vacated**, and that the file be returned to the undersigned for further proceedings.

In the event Plaintiff fails to submit to the Court proof of service on the Defendants, or to demonstrate good cause for having failed to do so,[3] within the time granted herein, it is recommended that this case be **dismissed**, without prejudice, pursuant to Rule 4(m), Fed.R.Civ.P.

---

[2] For purposes of calculating the 120 period, the time for service begins to run as of the date of the removal of the case to federal court. Cardenas v. City of Chicago, 646 F.3d 1001, 1004-1005 (7th Cir. 2011).

[3] In the event Plaintiff has failed to serve the Defendants with service of process, but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in his review of this Report and Recommendation.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 30, 2013
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

