IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mark Fitzhenry, | ) | Civil Action No.: 2:12-03510-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ISI Alarms NC Inc. d/b/a/ Security | ) | |
| Promotions, W. Jayson Waller, | ) | |
| Kevin Klink, | ) | |
| Monitronics International, Inc., and | ) | |
| John Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On May 24, 2012, the pro se plaintiff, Mark Fitzhenry (the "plaintiff"), initiated this action in the Charleston County Magistrate's Court, alleging violations of the Telephone Consumer Protection Act. (ECF No. 1-1). The file indicates that the summons were issued on June 1, 2012. Honeywell International, Inc. ("Honeywell") was served with a copy of the complaint, although neither it nor any related entity was a defendant in this action. On December 12, 2012, Honeywell removed the action to this court, with the consent of the defendants ISI Alarms NC Inc. d/b/a/ Security Promotions, W. Jayson Waller, and Kevin Klink.[1] As the plaintiff was proceeding pro se, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C.

---

[1] Honeywell was later dismissed from the case. (ECF No. 16).



Page 1 of 3

On April 30, 2013, the magistrate judge filed an R&R recommending that this case be dismissed on the grounds that there was no evidence that any of the defendants had ever been served with process in the case. The plaintiff was specifically advised that he was to provide the Court with proof of service on the defendants, or present good cause to the Court for any failure to serve the defendants, within ten (10) days of the filing of the R&R. In addition, the plaintiff was specifically warned that his failure to respond to the R&R "will result in this case being dismissed." (R&R 2, ECF No. 19). The plaintiff has failed to respond to the R&R, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may "accept, reject, or modify, in whole or in part," the recommendation made by the magistrate judge or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal quotation marks and citation omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based



upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

The Court has reviewed the record in this matter, the applicable law, and the R&R of the magistrate judge, and agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the R&R (ECF No. 19) by reference in this Order, and dismisses the case, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

May 21, 2013
Charleston, South Carolina